UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

GERALD E. FLETCHER,

          Petitioner,          Case No. 1:13-cv-838

v.                                               Honorable Gordon J. Quist

WILLIE SMITH,

          Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I. <u>Factual Allegations</u>

Petitioner Gerald E. Fletcher is a state prisoner incarcerated with the Michigan Department of Corrections at Carson City Correctional Facility. In 2006, following a jury trial in Montmorency County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC I), Mich. Comp. Laws § 750.520b(1)(b), six counts of second-degree criminal sexual conduct (CSC II), Mich. Comp. Laws § 750.520c(1)(b), and one count of accosting a child for an immoral purpose, Mich. Comp. Laws § 750.145a. Petitioner was sentenced on August 1, 2006, to the following terms of imprisonment: 14 to 21 years for each of the CSC I convictions, 7 to 15 years for each of the CSC II convictions, and 2 years and 6 months to 4 years for the accosting conviction.

Petitioner appealed the judgment of sentence and conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed the judgment on October 9, 2008. The Michigan Supreme Court denied leave to appeal on March 23, 2009.

On March 24, 2010, Petitioner filed a motion for relief from judgment in the trial court under subchapter 6.500 of the Michigan Court Rules. According to his amended petition (docket #4), the motion was denied on September 1, 2010. Petitioner subsequently filed an appeal of that decision on July 5, 2012. The appeal was dismissed as untimely by the Michigan Court of Appeals on September 28, 2012. Petitioner then sought leave to appeal the appellate court's decision, but the Michigan Supreme Court denied leave on June 25, 2013, because it was not persuaded that the questions presented should be reviewed by that court.

Petitioner filed the instant action on or about August 5, 2013. The Court subsequently ordered Petitioner to file an amended petition on the Court's form; the amended petition was filed on or about September 23, 2013,[1] raising the following grounds for relief:

> I. [The trial court] [l]imited petitioner [the] opportunity to call witness, put pressure on defense not to ask an important question to witness, and limited cross of witness.
>
> II. Prosecutor improperly appealed (twice) to sympathy of jury and misstated evidence (five times) not in record of trial.
>
> III. [The trial court] allowed co-defendant 404b evidence, which cause[d] petitioner to be prejudice[d].
>
> IV. Trial court erred in scoring of the sentencing guidelines, resulting in a disproportionate sentence.

(Am. Pet., docket #4, Page ID##86, 87, 89, 90.)

## II. Statute of Limitations

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] For purposes of this Report and Recommendation, I will assume that all of the claims raised in the amended petition relate back to the initial petition, so that the August 2013 filing date is the relevant filing date for Petitioner's claims.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 23, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired Monday, June 22, 2009. Thus, absent tolling, Petitioner had one year from that date, or until June 22, 2010, to file his habeas application.

Petitioner's motion for relief from judgment tolled the statute of limitations. The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "Properly filed" means that the document's "delivery and acceptance are

in compliance with the applicable laws and rules governing filings. These prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Petitioner filed his motion for relief from judgment on March 24, 2010. Thus, the limitations period was tolled with 90 days remaining.

If Petitioner had properly pursued an appeal to the Michigan Court of Appeals and the Michigan Supreme Court, the limitations period would have remained tolled until the Michigan Supreme Court rendered a decision. However, the limitations period did not remain tolled because he did not timely file an appeal with the Michigan Court of Appeals. Under the rules in effect at the time, he had one year from the date of the circuit court's decision to file a delayed application for leave to appeal. *See* Mich. Ct. R. 7.205.[2] The circuit court denied his motion on or about September 1, 2010.[3] Petitioner did not file an appeal until July 5, 2012, approximately nine months after the one-year deadline. As a result, the court of appeals dismissed his appeal as untimely. Because Petitioner did not comply with applicable state procedures for appealing the denial of his motion for relief from judgment, his motion remained "pending" only for as long as Petitioner could have sought review of the circuit court's decision before the Michigan Court of Appeals, *i.e.*, until September 1, 2011. *Cf. Martin v. Wilson*, 110 F. App'x 488, 490 (6th Cir. 2004) (where no appeal

---

[2] In September 2011, the time for filing a delayed application for leave to appeal was shortened to six months.

[3] The publicly-available docket sheet for Petitioner's case on the Michigan Court of Appeals website indicates that the circuit court denied his motion on September 10, 2010. For purposes of this Report and Recommendation, I will accept the date set forth in the petition.

is filed, motion remains pending for as long as a timely appeal could have been filed). Thus, the limitations period expired on November 30, 2011. Petitioner filed the instant action in August 2013, long after that date.

Petitioner asserts that his appeal from the denial of his motion for relief from judgment was late because he initially sent an application for leave to appeal to the wrong address (*i.e.*, the correct street and city, but the wrong building); he did not know that the appeal was never received until he asked his sister to call the court. After he discovered what had happened, he filed his untimely appeal. Nevertheless, this Court must defer to the state court's enforcement of its own procedural rules. The Court "does not function as an additional state appellate court reviewing state-court decisions on state law or procedure. Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [the tolling provision in] § 2244(d)(2).").

Petitioner contends that his appeal to the Michigan Supreme Court continued to toll the limitations period because "the Michigan Supreme Court did accept [his] explanation for delay[.]" (Am. Pet. 13, docket #4.) There is no support for his assertion, however. The Michigan Court of Appeals clearly enforced the time deadline for filing an appeal, stating that Petitioner "failed to file the application within the time period required by MCR 7.205(F)(3)." *People v. Fletcher*, No. 311140 (Mich. Ct. App. Sept. 28, 2012). The Michigan Supreme Court did not alter that result. In a one-page order, the Michigan Supreme Court summarily denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by [the] Court."

*People v. Fletcher*, No. 146230 (Mich. June 25, 2013). In other words, rather than accept Petitioner's explanation for his late appeal, the Michigan Supreme Court merely affirmed the court of appeals' decision. Thus, he is not entitled to statutory tolling during the period that he appealed the court of appeals' decision, and as a result, his petition is untimely.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

The only evidence that might support equitable tolling is Petitioner's sworn statement in his petition that, at some unspecified time between September 2010 and July 2012, he attempted to file an appeal from his motion for relief from judgment, but he sent it to the wrong address. He was not aware of this mistake for an unspecified period of time, but eventually he discovered it and sent another application for leave to appeal to the Michigan Court of Appeals. Petitioner's statements are not supported by any other evidence. Moreover, they are too vague to demonstrate that he was diligent in pursuing his rights. Petitioner does not indicate when he filed his initial appeal or when he attempted to find out whether it was properly filed. If he took no action for over a year before contacting the Michigan Court of Appeals, then he arguably failed to diligently pursue his rights.

In addition, Petitioner has not established that "extraordinary circumstances stood in his way" of meeting the filing deadline. Instead, it appears that his own actions are to blame, because he used the wrong address for mailing his appeal and then failed to ensure that it was received. What he has asserted is merely "'a garden variety claim of excusable neglect,'" for which equitable tolling is not warranted. *See Holland*, 130 S. Ct. at 2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Thus, for the foregoing reasons, Petitioner has not demonstrated that he is entitled to equitable tolling.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable

juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). In the instant case, Petitioner neither claims that he is actually innocent, nor proffers any new evidence of such. Consequently, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition, therefore, is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: October 22, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).